# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MELISSA HARMAN and JUSTIN OVERTON,<br><br>        Plaintiffs,<br>vs.<br><br>BRENT POLLOCK, SCOTT BARNETT and JOHN AND JANE DOES 1-15,<br><br>        Defendants. | **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:03CV558 DAK |

This matter is before the court on (1) Plaintiffs' Motion for Partial Summary Judgment on Liability and (2) Defendants' Motion to Strike Plaintiffs' Motion for Partial Summary Judgment and, in the Alternative, Rule 56(f) Motion to Continue. The court has read the parties' memoranda and other materials and has further considered the law and facts relating to this motion. The court finds that oral argument would not be helpful in deciding this case. Now being fully advised, the court renders the following Order.

## I. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In reviewing the factual record, the court construes all facts and makes reasonable

inferences in the light most favorable to the non-moving party. *See Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir.1998). Where the moving party bears the burden of proof on an issue, that party cannot prevail on summary judgment "unless the evidence that he provides on that issue is conclusive." *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998). *See also Equal Employment Opportunity Comm'n v. Union Independiente De La Autoridad De Acueductor Y Alcantarillados De Puerto Rico*, 279 F.3d 49, 55 (1st Cir. 2002) (same); *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (explaining that if a summary judgment movant has the burden of proof, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.") (citation and emphasis omitted); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor.").

Once a defendant invokes a qualified immunity defense, "the plaintiff bears the burden of satisfying a strict two-part test." *Camfield v. City of Okl.,* 248 F.2d 1214, 1225 (10th Cir. 2001). "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Id.* at 1225-26 (internal quotations and citations omitted); *see also Wilson v. Layne*, 526 U.S. 603, 609 (1999).

## II. DISCUSSION

In the instant case, Plaintiffs seek summary judgment on the issue of liability for the alleged illegal searches and alleged unlawful detention at issue in this case. Defendants, on the other hand, have moved to strike the motion, claiming that Plaintiffs' motion is "an attempt to short-circuit the need for further discovery and gain summary judgment without having to address the factually disputed qualified immunity issues identified by the [Tenth Circuit]" when this case was on appeal. [See Docket # 81 at 3.] Alternatively, Defendants have filed a Rule 56(f) motion.

On appeal from a decision granting qualified immunity in this case, the Tenth Circuit recently determined that "[m]aterial factual disputes exist as to the reasonableness of the subsequent search and detention of Ms. Harman and Mr. Overton." *Harman v. Pollock*, 446 F.3d 1069, 1082 (2006). Specifically, it concluded that (1) "there are material facts in dispute as to the reasonableness of the officer's delay in realizing that they were in a separate residence not anticipated in the warrant"; (2) "there are material facts in dispute as to the reasonableness of the lengthy detention of the plaintiffs and when the officers' authority terminated"; and (3) "material facts remain in dispute as to the reasonableness of the detention of the plaintiffs and search of the garage apartment." *Id.* at 1085, 1086, 1087.

Plaintiffs' motion does not address any of these disputed factual issues, much less demonstrate that the evidence is conclusive. Moreover, statements made by the Tenth Circuit in addressing the grant of a motion for summary judgment by the district court do not constitute "factual findings," as claimed by Plaintiffs. In sum, Plaintiffs have fallen woefully short of carrying their burden on summary judgment by establishing that there are no material factual

issues regarding liability for the alleged illegal searches and alleged unlawful detention. Thus, their motion for summary judgment is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment [docket # 76] is DENIED. Defendants' Motion to Strike [docket # 80] is MOOT, as is Defendants' Alternative Rule 56(f) Motion [docket # 80].

DATED this 26th day of September, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge